Vogel *et al. v.* Vogler.

------◆------

No. 9390.

### VOGEL ET AL. *v.* VOGLER.

78 | 353
143 | 221

TAXES.—*Guardian and Ward.*—*Complaint.*—*Property Omitted from Taxation.*— In an action by a county treasurer against a guardian, to recover taxes on the money of his wards, which had not been assessed during a number of years, and on which no taxes had been paid, but which money was afterward assessed for the years it was omitted from taxation, and placed upon the tax duplicate for collection, the complaint must specifically aver by what officer and under what circumstances such special assessment was made, and the averment that the taxes sued for were assessed by "the proper authorities," is insufficient.

SAME.—*Parties.*—In such action the wards are not proper parties to the action, though the money in the hands of the guardian, if liable for taxation, ought to have been assessed in their names.

From the Monroe Circuit Court.

*N. R. Keyes, R. Hill* and *J. W. Nichol,* for appellants.

*F. T. Hord,* for appellee.

NIBLACK, J.—The complaint in this case was substantially as follows:

Lewis A. Vogler, treasurer of Bartholomew county, complains of Ferdinand Vogel, Lewis Schloss and Aaron Schloss, and says that he is the treasurer of Bartholomew county, duly elected, commissioned and qualified as such, and that said Lewis Schloss and Aaron Schloss are minors under the age of twenty-one years; that, on the 5th day of March, 1871, the said Ferdinand Vogel was duly and legally appointed guardian of said minors by the proper authorities in the common pleas court of Bartholomew county, has since continued to be such guardian, and is now guardian of said minors; that, immediately after said appointment as guardian, to wit, on the — day of March, 1871, the sum of $5,000 came into his hands as such guardian, belonging to said wards, and for the use of said wards, and he has held the said sum of money in his hands as such guardian in said county continually since, and now possesses the same as such guardian for his said wards; that said money was and is the only property owned by said wards; that the said money was the property of said wards on the 1st day of January, 1872; that said guardian and wards at said time, and continually since, have resided in Bartholomew county, in this State. And the plaintiff charges and avers that the said property was liable to taxation for State, county, township, etc., purposes in said county in the years 1872, 1873, 1874, 1875, 1876, 1877 and 1878; that the said wards, or said guardian, did not, for or during any of said years, give in said property for taxation, and the same was not taxed or assessed for taxation during said time, and no taxes were paid thereon; that, it appearing to the satisfaction of the proper officers that the said property had not been assessed by the assessor or any one else, for taxation during said time, and no tax had been paid thereon, the proper author-

ities, on the — day of January, 1879, did assess said property for taxation for each of said years, with just and proper taxation and assessment, with the proper and lawful amount due thereon, and the same was duly placed on the tax duplicate of said county for collection, and the same was duly placed in the hands of the treasurer of said county for collection, who received and now holds the said tax duplicate as such treasurer; that the said property was assessed for taxation in said county as aforesaid, and as follows:

| NAME. | Year. | Amount. | Taxed. |
|---|---|---|---|
| Ferdinand Vogel, Guardian of L. and A. Schloss. | 1878 | $5 000 | $55 00 |
| | 1877 | 5 000 | 58 85 |
| | 1876 | 5 000 | 57 60 |
| | 1875 | 5 000 | 57 00 |
| | 1874 | 5 000 | 71 50 |
| | 1873 | 5 000 | 84 00 |
| | 1872 | 5 000 | 150 00 |
| | | | $533 95 |

That the said sum of $533.95 is now due and owing as and for the taxes on said money in the hands of said guardian; that the said wards have no personal property that can be seized or possessed by the treasurer for the purpose of satisfying said taxes, or any part thereof. And the said guardian fails and refuses to pay the said amount of taxes so assessed, or any part thereof, although frequent demand has been made on him therefor by the treasurer of Bartholomew county, but he now holds the said money, to wit, $5,000, in his hands unexpended, and refuses to apply the same, or any part thereof, on said tax; that the plaintiff holds a lien on said fund for the payment of the same, and demands judgment for $1,000, or that the said guardian be required to pay said tax out of any money in his hands, or under his control, belonging to said wards, and for all proper relief.

Vogel demurred separately to the complaint, but his de-

murrer was overruled.   A demurrer was also filed on behalf of Lewis Schloss and Aaron Schloss, the wards of Vogel, and that demurrer was also overruled.

Issue being joined, the cause was tried by the court.   There was a finding for the plaintiff in the sum of $533.95, and a judgment against Vogel for that sum, to be paid out of the money in his hands belonging to his said wards.   The costs were taxed against Vogel personally.

Error is assigned, among other things, upon the decisions of the court in overruling the demurrers to the complaint.

The first objection urged to the complaint is, that the averment that the taxes sued for were assessed by the proper authorities was too general; that the averment as to the special assessment should have stated specifically the officer by whom, and the manner in which, that assessment was made.

This objection appears to us to be well taken.

The assessment of property omitted from taxation constitutes a special and an exceptional assessment, and, according to the law in force in January, 1879, might have been made either by the assessor, auditor or treasurer of the proper county, depending upon the circumstances creating an emergency for such an assessment.   1 R. S. 1876, p. 96, section 94; p. 130, section 260.   A special assessment made by the assessor, if not returned to the treasurer within a limited time, is barred.   1 R. S. 1876, p. 131, section 263.

The averment, therefore, as to the officer by whom, and the circumstances under which, the special assessment was made, was a material averment, and, by reason of its failure to make such an averment, the complaint was bad upon demurrer.

While the money in the hands of Vogel, if liable to taxation, ought to have been assessed in the names of his wards, Lewis Schloss and Aaron Schloss, as the owners thereof, these wards were nevertheless not proper parties to the action, and the complaint made no cause of action as to them, aside from the objection noted to it as above.   In all matters pertaining

to the assessment and payment of taxes against them, they were represented by Vogel as their guardian.

As the judgment will have to be reversed for want of a sufficient complaint, we will not now pass upon some other very interesting questions discussed by counsel.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Petition for a rehearing overruled.