No. 8994.

## STOCKMAN, TREASURER, v. ROBBINS.

TAXATION.—*Special Assessments.*—*Omitted Property.*—Under the assessment law of December 21st, 1872, and its subsequent amendments, the general duty of listing and assessing property, for the purposes of taxation, was

conferred upon the township assessor; but provisions were made, in several sections of the law, for the special assessment of omitted property, either by the treasurer or auditor of the county, or by the proper township assessor.

SAME.—Under that law and its amendments, however, no special assessment of omitted property was authorized to be made for past years, but only for the current year; and such special assessments, when made for the current year, were absolutely barred if not returned to the county treasurer on or before the 1st day of March, in the succeeding year, unless such return had been prevented by injunction or order of court.

From the Decatur Circuit Court.

*W. B. Wilson,* for appellant.

*C. Ewing, J. K. Ewing, J. D. Miller* and *F. E. Gavin,* for appellees.

HOWK, J.—In this case, the appellee as plaintiff filed his complaint, in two paragraphs, to perpetually enjoin the appellant, as the treasurer of Decatur county, from the collection of certain taxes specially assessed against him by the auditor of said county. The appellant's demurrers to each of these paragraphs of complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, were overruled by the court, and to each of these rulings he excepted. The appellant failed and refused to answer further to either paragraph of appellee's complaint; and thereupon the court, by its judgment, perpetually enjoined the appellant, and all persons acting for him, from collecting or attempting to collect the special or supplemental assessment of taxes, mentioned in appellee's complaint, as prayed for therein. The appellant excepted to and appealed from the judgment of the circuit court, and has here assigned as errors the overruling of his demurrers to each paragraph of appellee's complaint, and the rendition of judgment against him for the appellee.

In the first paragraph of his complaint, the appellee alleged in substance, that he was, and for ten years last past had been, a resident citizen and taxpayer of Washington township, in Decatur county, Indiana; that the appellant was, and for three years last past had been, the treasurer of said county; that

the appellee was duly assessed for taxation in said county, for the years from 1873 to 1879 inclusive, and he has paid all the taxes so assessed against him, as the same matured, except the last half of the tax of 1879, which he was ready and willing to pay and would pay within the time allowed by law; that on the —— day of July, 1879, the auditor of said county made a special assessment against the appellee, for each of the years from 1873 to 1878 inclusive, and on the same day placed the same as a special assessment, in the form of a supplement, on the tax-duplicate of said county for the year 1878, then and since in the hands of the appellant, as such treasurer; that the appellant claimed that said special assessment was, and had been since the same was so placed on the tax-duplicate, delinquent and constituted a valid and subsisting lien on the appellee's real and personal property situate in said county; that the appellant, as such treasurer, had levied upon one horse and one buggy, the property of the appellee, and would advertise the same for sale on said taxes, and would levy on a large amount of other property of the appellee, unless restrained by the court, to pay said special assessment, before notice could be given of the appellee's application for an injunction. The appellee further said, that the property both real and personal, given in by him for taxation, and listed and assessed against him for the years 1877, 1878 and 1879, was a full, true and complete statement of all the items of money, credits, stocks and other personal property, as set forth in the schedule contained in section 49 of the act of December 21st, 1872, " to provide for a uniform assessment of property, and for the collection and return of taxes thereon," held by him on the 1st day of April for each of said years; that the appellee was informed and believed, that no supplemental or special assessment for taxation could be returned against him for any year or years prior to 1877; that each of the tax-duplicates and delinquent lists, for each of the years from 1873 to 1879, was made and returned by the auditor to the treasurer, at the times and as required by law.

Wherefore the appellee said that the said special assessment was erroneous and wrongful; and he asked the court for an order vacating the said levy, and for a temporary order restraining the appellant from advertising and selling his property on account of said assessment; that upon the final hearing of this cause the said special assessment might be declared invalid, and that the appellee's title to his real and personal property might be quieted as against such special assessment; and that the appellant, and all persons acting under him, might be perpetually enjoined from collecting or attempting to collect such special assessment, and for all proper relief.

Under the assessment law of December 21st, 1872, and its subsequent amendments, the general duty of listing and assessing the property, real and personal, subject to taxation, for the purposes of taxation, was conferred upon and confided to the county assessor of each county, prior to February 11th, 1875, and since that date, to the township assessor of each township, in every county of the State. In the original act of December 21st, 1872, there are provisions for the special assessment of omitted property, in section 94 by the county treasurer, in section 146 by the county auditor, and in section 260 by the proper assessor, and these provisions have not been amended or repealed during the time covered by the allegations of appellee's complaint. In *Vogel* v. *Vogler*, 78 Ind. 353, in the opinion of the court, NIBLACK, J., said: " The assessment of property omitted from taxation constitutes a special and an exceptional assessment, and, according to the law in force in January, 1879, might have been made either by the assessor, auditor or treasurer of the proper county, depending upon the circumstances creating an emergency for such an assessment."

In the case at bar, as shown by the averments of appellee's complaint, the special assessment was made by the auditor of Decatur county. In section 146, under which alone the auditor was authorized to make such assessment, it is provided as follows:

" Sec. 146. The county auditor, if he shall have reason to believe, or be informed, that any person has given to the assessor a false or incorrect statement of his personal property, moneys, rights, credits, effects or stocks, or that the assessor has not returned the full value of any such assessables, required to be listed in the township, or has omitted and made an erroneous return of any such assessables, shall proceed, at any time before the final settlement with the county treasurer, to correct the duplicate and to charge such person with the proper amount of taxes thereon; to enable him to do which, he shall be invested with all the powers conferred on assessors by this act; and it shall be the duty of the auditor in all such cases, before making the entry upon the duplicate, to notify such person, that he may have an opportunity of showing that his statement, or the return of the assessor, was correct; and the county auditor shall, in all cases, file in his office a statement of the facts or evidence, upon which he made such correction; but he shall in no case reduce the amount returned by the assessor without the written assent of the auditor of State, given on the statement of facts submitted by the county auditor." 1 R. S. 1876, p. 110.

From the phraseology and grammatical construction of this section, it is clear that, standing alone and without reference to its context, this section would not and did not authorize the auditor of the county to correct the assessment of any taxpayer, except for the current year. This was the construction placed upon the section itself by this court, in the case of *The State, ex rel. Ferguson,* v. *Howard, post,* p. 466, wherein Commissioner BEST prepared the opinion of the court. We are of the opinion, however, that the provisions of section 263, of the aforesaid act of December 21st, 1872, were and are equally applicable to all special assessments, authorized by the act, whether the same may be made by the proper assessor, or the auditor or the treasurer of the proper county. This section 263 reads as follows.

" When any such special assessment is not returned to the

county treasurer, on or before the first day of March next after it is due, the same may be returned on or before the first day of March in the succeeding year; and, if not then returned, it shall be considered barred, unless return is prevented by an injunction or order of court; and the time such return is thus prevented shall be excluded from the computation of such time." 1 R. S. 1876, p. 131.

It will be observed, that this section of the statute in no manner enlarges the powers of the auditor, in regard to the time of *making* the special assessment, but merely provides for the *return* of the assessment, " on or before the first day of March in the succeeding year," and that, " if not then returned, it shall be considered barred, unless return is prevented by an injunction or order of court." We are of the opinion, therefore, that the county auditor had no power whatever, under the statute, to make special assessments for antecedent or past years, but that, in this particular, his power to *make* such assessments was clearly limited to the current year. In the case at bar, it appears from the facts stated in appellee's complaint, and conceded to be true by the appellant's demurrer, that the special assessment against the appellee, which is the subject of this action, was made in July, 1879, by the county auditor, not for the then current year, but wholly for the antecedent or past years, "from 1873 to 1878 inclusive." It follows, from what we have said, that this special assessment, thus made, was unauthorized by the statute, inoperative and void. The court did not err, therefore, in overruling the appellant's demurrer to the first paragraph of the complaint.

The second paragraph of the complaint contains substantially the same allegations of fact as the first paragraph, with some additional averments. It is clear, therefore, that, without reference to the additional averments, the second paragraph of the complaint stated facts sufficient to withstand the appellant's demurrer thereto. It is said in appellee's brief, that these additional averments were intended to present for

decision the same question which had been decided in his favor, in *Matter* v. *Campbell*, 71 Ind. 512. But we do not consider this question in the case at bar.

We have found no error in the record of this cause.

The judgment is affirmed, at appellant's costs.