The State, *ex rel.* Ferguson, Treasurer, *v.* Howard, Guardian.

No. 9074.

THE STATE, EX REL. FERGUSON, TREASURER, *v.* HOWARD, GUARDIAN.

TAXES.—*Guardian and Ward.*—*Parties.*—The ward of a guardian is not a proper party to an action brought by the treasurer of a county against such guardian to recover unpaid taxes of the ward.

SAME.—*County Treasurer.*—*Assessment of Taxes.*—A county treasurer has no authority under section 94 of the act of December 21st, 1872, 1 R. S. 1876, p. 72, for the assessment of taxes, to assess taxes upon property omitted from any assessment except for the current year.

From the Clark Circuit Court.

*J. H. Stotsenburg* and *J. K. Marsh*, for appellant.

*A. Dowling*, for appellee.

BEST, C.—The State, on the relation of Henry H. Ferguson, as treasurer of Clark county, Indiana, brought this action against Jonas G. Howard, as guardian of Athanasius

The State, *ex rel.* Ferguson, Treasurer, *v.* Howard, Guardian.

Wathen, an insane person, and against such person, to recover a judgment for certain taxes assessed against the estate of such person.

The facts averred in the complaint are substantially these : That the relator has been the treasurer of Clark county, Indiana, since the 1st of September, 1879, and the appellee, Howard, has been the guardian of Athanasius Wathen, who is an insane person, since the 5th day of September, 1867 ; that, since his appointment, said guardian and his ward have been residents of Clark county, Indiana, and on the 1st day of April, 1873, there was, and ever since has been, in the hands of said guardian, belonging to his said ward, personal property of the value of fifty thousand dollars, all of which has been subject to taxation in said county ; that said Howard did not make and deliver to the assessor a list of all such property so held by him as such guardian during said time, but for the years 1873, 1874 and 1875, only returned $6,500 each year, and for the years 1876, 1877 and 1878, only returned $13,500 each year, and that no taxes were assessed or paid upon the residue of said property during said years ; that on the 1st day of November, 1879, the relator discovered that all of the property of said Wathen had not been assessed, and after giving notice of such fact to such guardian, who failed to show any cause to the contrary, the relator assessed the residue of said property at its fair cash value and placed it upon the duplicate ; that by reason of said assessment, there is due and unpaid from the estate of said ward, in the nature of taxes, penalty and interest for State and county purposes, the following sums :

| | | | | |
|---|---|---|---|---|
| For the year 1873. . . | | | . . . . . . . . . . . . . | $978 52 |
| " " " 1874. . . | | | . . . . . . . . . . . . | 738 58 |
| " " " 1875. . . | | | . . . . . . . . . . . | 873 87 |
| " " " 1876. . . | | | . . . . . . . . . . . | 720 68 |
| " " " 1877. . . | | | . . . . . . . . . . . | 780 36 |
| " " " 1878. . . | | | . . . . . . . . . . . | 736 20 |
| Making a total of . . . | | | . . . . . . . . . . . . | $4,828 21 |

That since said assessment the relator has demanded the payment of said taxes from said guardian, who has refused to pay the same, and that he can not find any property that can be seized and sold to satisfy said tax.   Wherefore, etc.

A separate demurrer for the want of facts was filed to the complaint by such appellees.   These demurrers were sustained, and these rulings are assigned as error.

. The demurrer by Wathen, the ward, was properly sustained, as he was not a proper party to the suit.   *Vogel* v. *Vogler*, 78 Ind. 353.

The demurrer by the guardian presents a different question. The assessment sought to be recovered is a special one, and if the officer who made it had no authority to make it, the demurrer was properly sustained.   In *Vogel* v. *Vogler, supra,* this court said:   " The assessment of property omitted from taxation constitutes a special and an exceptional assessment, and, according to the law in force January, 1879, might have been made either by the assessor, auditor or treasurer of the proper county, depending upon the circumstances creating an emergency for such assessment.   1 R. S. 1876, p. 96, sec. 94; p. 130, sec. 260."

The same law was in force when the assessment sued upon was made, and the question arises whether the treasurer had any authority to make it under the circumstances stated in the complaint.   This depends upon the various sections of the statute which authorize such special assessments.   As a rule, assessments are made by the assessors, and it is only in the absence of the proper assessment, that either the auditor or treasurer has any authority to make an assessment.   If, for any reason, the proper assessment is not made, the statute provides the mode of correcting the assessment, if one is made, and, if not made, of making the assessment.   If an assessment is made, and the auditor, upon receiving the returns, is satisfied that any property has been omitted, he may require the assessor to correct any such omission.   Within ten days thereafter the assessor must proceed to correct the errors in such

assessment, and make return to the auditor, who shall charge the additional amount, if any, returned by the assessor. Same statute, sec. 148.

This is done before the duplicate is delivered to the treasurer. After its delivery, and before the final settlement with the county treasurer, the auditor, if he has reason to believe, or is informed, that any person has given the assessor a false statement of his property, or the assessor has not returned the full value of the same, or has made an erroneous return, shall proceed to correct the duplicate, and to charge the person with the proper amount of taxes. In order to enable him to do this, he is invested with the powers conferred on assessors ; but, before correcting the duplicate, he must notify such person, so as to enable him to show that his statement or the return of the assessor is correct. Same statute, section 146.

The above section authorizes the correction to be made before or after the duplicate is delivered to the treasurer; but it does not authorize an alteration of the duplicate unless an assessment has been made ; nor does it authorize the auditor to correct the duplicate otherwise than by charging the person with the proper amount of taxes for the current year.

If the real or personal property, or poll, of any person liable to pay tax, has not been assessed, section 94 of the same act authorizes the treasurer to make the assessment. It reads thus : " Whenever it shall appear to the treasurer of any of the several counties of this State that the property, real or personal, or the poll of any person liable to pay tax, has not been assessed by the assessor, it shall be the duty of the county treasurer to assess the property or poll of such person, and place the same upon the tax duplicate, and collect the taxes thereon the same as if it had been assessed by the legal assessor : *Provided, however,* That all property assessed under the provisions of [this] act shall be assessed at a fair cash value ; but the treasurer shall not be required to assess such property upon actual view, nor to furnish the owner thereof with a blank list."

This section authorizes the county treasurer to assess such property as has not been assessed by the assessor for the current year, but does not, as we believe, authorize him to assess any property omitted from the assessment of any previous year or years. Its language does not embrace such an assessment, and as section 146 only authorizes the auditor to correct the assessment for the current year, we think that section 94 only authorizes the treasurer to assess, for the current year, such property as the assessor has not assessed. If any property has been omitted from the assessment of any previous year or years, other sections of the statute confer the authority and provide the mode of making the assessment. Section 260 provides that, " If any real or personal property shall be omitted in the assessment of any year, or number of years, or the tax thereon, for which such property was liable, from any cause has not been paid, or if any such property, by reason of defective description or assessment thereof, shall fail to pay taxes for any year or years, in either case the same, when discovered, shall be listed and assessed by the assessor and placed on the assessment and tax books. The arrearages of tax which might have been assessed, with ten per cent. interest thereon from the time the same ought to have been paid, shall be charged against such property by the county auditor."

Section 262 provides thus: " No such charge for tax and interest for previous years, as provided for in the preceding section shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained: *Provided*, That the owner of property, if known, assessed under this and the preceding section, shall be notified by the assessor, or auditor, as the case may require."

Section 263 provides: " When any such special assessment is not returned to the county treasurer, on or before the first day of March next after it is due, the same may be returned on or before the first day of March in the succeeding year;

and, if not then returned, it shall be considered barred, unless return is prevented by an injunction or order of court; and the time such return is thus prevented shall be excluded from the computation of such time."

These are the only sections of the statute that provide for the assessment of property omitted from the assessment of any previous year, and they confer no authority upon the treasurer to make such assessment. They do not authorize the assessment without notice, if the owner is known, nor do they authorize such assessment upon property for any time previous to its transfer. They authorize the auditor to add interest to the amount of tax, from the time it should have been paid, and provide that the taxes shall be barred unless the assessment is returned to the treasurer within a given time. They provide different officers and a different mode of assessing such taxes, and furnish, as we think, the only authority for making such assessment. Sec. 94 does not authorize the treasurer to add interest to the taxes assessed by him, and, if he could assess taxes for previous years, there is no limit to the time within which it may be done. This construction would not only deprive the State of its interest on unpaid taxes in proper cases, but would deprive the taxpayer of the protection afforded him by sections 262 and 263 of the statute. The treasurer had no authority to make the assessment mentioned in the complaint, and, as the demurrer, for such reason, was properly sustained, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at appellant's costs.

Petition for a rehearing filed at November term, 1881.
Petition overruled at May term, 1882.