No. 8988.

## SCOTT *v.* THE TOWN OF KNIGHTSTOWN ET AL.

TOWN.—*Taxation.*—*Injunction.*—*Complaint.*—A complaint against an incorporated town and the marshal thereof to stop the sale of the plaintiff's property for taxes, alleging the payment of all taxes which had been assessed against him, including the year 1879; that in January, 1880, after such payment, the trustees of the town had placed an additional tax on the duplicate against him for eight years preceding; that he had paid all taxes lawfully assessed against him, and that the additional assessment was consequently illegal and void, is good on demurrer.

SAME.— *Assessment of Omitted Property.*—Neither the auditor nor treasurer could, in January, 1880, assess omitted property except for the current year, and such unauthorized assessment by them would warrant an injunction to stop the collection, though the taxpayer had by sworn returns, which were afterwards admitted by him to be false, induced the omissions.

From the Henry Circuit Court.

*J. H. Mellett, E. H. Bundy, M. E. Forkner* and *J. L. Furgason,* for appellant.

*C. D. Morgan* and *J. Brown,* for appellees.

NIBLACK, J.—This was a suit by Robert Scott against the town of Knightstown, and John E. Rickard, its marshal, to restrain the collection of certain taxes.

The complaint was filed on the 28th day of January, 1880, and charged that the plaintiff was then, and had been for the preceding ten years, a resident of said town and the owner of property therein; that the said Rickard had, as such marshal, by virtue of a warrant issued to him by the president and trustees of said town, and attested by the clerk thereof, levied on the household goods, furniture and other personal property of the plaintiff, and had advertised said property for sale, on the 3d day of February, 1880, to pay certain taxes assessed against him, the plaintiff; that the plaintiff had fully paid all the taxes assessed against him on the tax lists of said town up to and including the year 1879; that, on a previous day of said month of January, and since his payment of all

the taxes assessed against him by said town for the year 1879, the trustees of said town had caused to be placed on the tax list of such town, for said year 1879, an assessment for the sum of $425.70 against the plaintiff, which sum it was pretended and alleged should have been assessed against him in addition to what he was assessed with for the years 1870, 1871, 1872, 1873, 1874, 1875, 1876 and 1877 ; that taxes had previously been assessed against the plaintiff for each of said years, including the year 1878, all of which had been fully paid, and that said additional assessment had been made against him without notice to him, and without his knowledge or consent, and that he had fully paid all taxes lawfully assessed against him by said town ; that said additional assessment was, consequently, illegal and void.

A demurrer to the complaint was overruled.

The defendants answered, admitting the levy on the plaintiff's property charged, and averring that during the years 1870, 1871, 1872, 1873, 1874, 1875, 1876 and 1877, the plaintiff was a resident of said town of Knightstown, and liable to pay taxes thereto ; that during each of those years he furnished to the assessor of said town sworn statements of what purported to be all his personal property subject to taxation in said town, which sworn statements had been accepted as true, and had been placed on the tax lists of said town for each of said years respectively ; that the taxes assessed upon such sworn statements had been all fully paid by the plaintiff ; that afterwards, on the 24th day of January, 1878, the plaintiff filed a statement with either the auditor or treasurer of Henry county, in which said town is situate, admitting that the following amounts of personal property, owned by him, were not included in his sworn statements, above referred to, to wit :

For the year 1870. . . . . . . . . . . . . $10,000.00
For the year 1871. . . . . . . . . . . . . 10,000.00
For the year 1872. . . . . . . . . . . . . 10,000.00
For the year 1873. . . . . . . . . . . . . 10,000.00

For the year 1874. . . . . . . . . . . . . . . . $15,000.00
For the year 1875. . . . . . . . . . . . . . . .  15,000.00
For the year 1876. . . . . . . . . . . . . . . .  15,000.00
For the year 1877. . . . . . . . . . . . . . . .  10,000.00

That either the auditor or treasurer of said county placed said amounts on the tax duplicate of that county, and the plaintiff paid the tax thereon to such treasurer; that afterwards, on the 18th day of June, 1878, the treasurer of said town of Knightstown, by order of its board of trustees, copied said amounts from the tax duplicate of said county of Henry, and placed the same on the tax duplicate of said town; that the taxes due on said amounts remained unpaid.

The plaintiff demurred to the answer for want of sufficient facts, but his demurrer was overruled. He then replied in five paragraphs, the first being in general denial and the others setting up special matters in reply. Demurrers were overruled as to the second and third paragraphs and sustained as to the fourth and fifth paragraphs.

The court, after hearing the evidence, made a finding for the defendants and rendered judgment accordingly.

Error is assigned upon the decision of the court overruling the demurrer to the answer, and cross error is assigned upon the overruling of the demurrer to the complaint.

The averments that the plaintiff had paid all the taxes lawfully assessed against him, and that the additional assessments made against him were illegal and void, made the complaint sufficient, upon demurrer, as to the matters concerning which objections to the sufficiency are urged. Whether the court might not on motion have required some of the averments of the complaint to have been made more specific, is a question we have not considered, as there is nothing in the record requiring a decision upon it.

It has been held by this court, that assessments of omitted property may in some instances be made by the assessor, in other cases by the county treasurer, and under still other and different circumstances by the county auditor, and that a plead-

ing relying upon an assessment of omitted property must state the officer by whom, and the circumstances under which, the assessment was made.    *Vogel* v. *Vogler,* 78 Ind. 353.    It has also been decided by this court, that neither the treasurer nor the auditor is authorized to assess omitted property for any except the current year.    *State, ex rel. Ferguson,* v. *Howard,* 80 Ind. 466, and *Stockman* v. *Robbins,* 80 Ind. 195.

The averment in the answer in this case, that the additional assessment relied on was made by either the auditor or the treasurer, was too indefinite and uncertain, and did not come within the rule of pleading laid down as above.

The court, therefore, erred in overruling the demurrer to the answer, and for that error the judgment will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Petition for a rehearing overruled.