No. 9566.

HAMILTON v. AMSDEN, TREASURER.

TAXES.— *Omitted Property.— Assessment.— County Treasurer.— Injunction.*— Under the statute, 1 R. S. 1876, p. 72, section 94, a treasurer has no authority to assess taxes upon omitted property except for the current year, and the collection of taxes so assessed may be enjoined.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener*, for appellant.
*E. P. Ferris* and *A. F. Wray*, for appellee.

ELLIOTT, J.— The treasurer of Shelby county charged against the appellant taxes for years prior to 1879, threatened to collect them, and the latter instituted this action to enjoin him.

The controlling question in this case is settled by the decisions in *State, ex rel.,* v. *Howard,* 80 Ind. 466, and *Vogel* v. *Vogler,* 78 Ind. 353. A treasurer has no authority to make assessments of omitted property except for the current year.

Assessments must be made by the officers designated by law, and an assessment made by an unauthorized person can not be enforced. The treasurer is authorized to make special assessments only in particular cases and within a limited time, and if he undertakes to make them in other cases or at other times than those prescribed, his acts are void. No authority is conferred upon the treasurer to revise the valuation of property made by the proper officers, and assessments made by him in attempting to exercise such revisory power are not enforceable.

Judgment reversed.