No. 11,287

LANG, TREASURER, v. CLAPP, ADMINISTRATOR.

PRACTICE.—*Motion to Strike Out.*—*Bill of Exceptions.*—A motion to strike out a pleading must be made part of the record by bill of exceptions or order of court.

TAXES.—*Trust Estates.*—*Administrator.*—*Delinquent Taxes.*—*County Treasurer's Statement to Court.*—*Pleading.*—*Demurrer.*—Section 6443, R. S. 1881, requiring the county treasurer, upon the failure of an administrator, etc., to pay taxes due from the estate which he represents, to present a statement to the proper court, setting forth the facts and amount of such delinquency, does not deprive such administrator of the right to test the sufficiency of such facts by demurrer.

SAME.—*Special Assessment of Omitted Property.*—*Act of Dec. 21st, 1872.*—Special assessments of omitted property by the county auditor or treasurer, except for the current year, were not authorized by the assessment law of December 21st, 1872, or any of its amendments.

SAME.—*Act of March 29th, 1881.*—*Construction.*—Section 147 of the new tax law of March 29th, 1881 (sec. 6416, R. S. 1881), is only prospective in its operation, and does not authorize the county auditor to make a special assessment of omitted property for any year, or number of years, prior to its passage or taking effect.

From the Noble Circuit Court.

R. Lowry and H. G. Zimmerman, for appellant.

A. A. Chapin and R. P. Barr, for appellee.

HOWK, J.—Section 174 of "An act concerning taxation," approved and in force since March 29th, 1881, being section 6443, R. S. 1881, reads as follows:

"It shall be the duty of every administrator, executor, guardian, receiver, trustee, or the person having the property of any decedent, infant, idiot, or insane person in charge, to pay the taxes due upon the property of such decedent, ward, or party. In case of neglect to pay any instalment of taxes when due, when there is enough money on hand to pay the same, the county treasurer shall present to the circuit or other proper court of the county, at its next term thereafter, a brief statement, in writing, signed by him as such county treasurer,

setting forth the facts and amount of such delinquency; and
such court shall at once issue an order directed to such de-
linquent, commanding him to show cause, within five days
thereafter, why such taxes, penalty, and costs should not be
paid; and upon failure to show good and sufficient cause for
such non-payment, the court shall order him to pay such
taxes out of the assets in his hands belonging to the estate of
said decedent, ward, or other person," etc.

Assuming to act under and pursuant to these statutory pro-
visions, the appellant, Lang, as treasurer of Noble county, on
the 28th day of March, 1883, presented to the court below a
written statement signed by him, as such county treasurer,
charging therein that the appellee, Clapp, as administrator of
the estate of William M. Clapp, deceased, had neglected to
pay the taxes due upon the property of his decedent, and the
amount of such delinquency, and praying for the issue of an
order, commanding him to show cause why such taxes should
not be paid, etc.    The appellee appeared, and his demurrer
to appellant's written statement, for the want of sufficient
facts therein, having been overruled by the court, he filed a
verified answer in abatement of this suit or proceeding.    The
appellant's demurrer to appellee's answer was carried back
and sustained by the court to his written statement, and, de-
clining to amend or plead further, judgment was rendered
against him for appellee's costs.

The first error of which the appellant complains in this
court is the overruling of his motion to strike out the ap-
pellee's demurrer to his written statement or complaint.  This
motion was not made part of the record of this cause either
by a bill of exceptions or by an order of court.    It was not
in writing, and the grounds of the motion are not stated in
the transcript.    Appellant's counsel claim, in argument, that
the motion ought to have been sustained because, they say,
"this is not a civil action, but a special proceeding.   No
pleadings are contemplated by the section of the statute (sec-
tion 6443), under which the proceeding was instituted, other

than the written statement filed by the treasurer, and the respondent's answer to the rule to show cause."

This question is not, we think, properly saved in or presented by the record of this cause, but, if it were, we would be of the opinion that appellee's demurrer was a proper pleading, and that the court did not err in refusing to strike it out. The statute requires the county treasurer to set forth the facts in his written statement, and does not deprive the administrator, even by implication, of the right to test the sufficiency of such facts in law by demurrer. If, however, it were conceded that the court had erred in overruling the motion to strike out appellee's demurrer, the appellant was not harmed by such ruling, as this demurrer was overruled by the court.

The second error complained of is assigned as follows: "The circuit erred in sustaining appellee's demurrer to the written statement filed in said matter by appellant." The transcript before us fails to show that the circuit court sustained appellee's demurrer to appellant's written statement or complaint; but it does show, on the contrary, that this demurrer was overruled by the court. The record shows that the appellant's demurrer to appellee's answer in abatement was sustained by the court to the written statement or complaint; but this ruling of the court has not been assigned here as error. Counsel on both sides, however, have briefed this cause as though the second error assigned correctly called in question the sufficiency of the facts, stated in appellant's written statement, to constitute a cause of action or valid claim against the estate of appellee's intestate. This question, therefore, we will consider and decide as if it were presented by a proper assignment of error.

In his written statement the appellant represented that he was, and had been since August 15th, 1881, the treasurer of Noble county; that the appellee was, and had been since January 20th, 1881, the administrator of the estate of William M. Clapp, " lately and for and during all the years hereinafter

specified," a resident of Albion township, in Noble county, who died January 5th, 1881; that, on April 1st, 1877, William M. Clapp was the owner of personal property subject to taxation, in Noble county, of the fair cash value of $35,825, and, on April 1st, 1878, he was the owner of personal property subject to taxation, in such county, of the fair cash value of $40,976, and on April 1st, 1879, he was the owner of personal property subject to taxation in such county of the fair cash value of $50,692, and on April 1st, 1880, he was the owner of personal property subject to taxation in such county of the fair cash value of $60,594; that William M. Clapp did not make and deliver to the proper assessor in any such years a correct list of such property so held by him, but only returned for 1877 $20,825, for 1878 $20,976, for 1879 $20,692, and for 1880 $20,594, as the amount and value of such property so held by him as subject to taxation, and in consequence thereof the residue of such property, so owned by him, was omitted from the assessment book and tax duplicate, and no taxes were assessed or paid thereon for such years; that on March 15th, 1883, the auditor of Noble county was credibly informed, had reason to believe and discovered, that all of the property of William M. Clapp had not been assessed for such years, but that there was an omission from the assessment books and tax duplicates of each of such years of the amounts above set forth; that after having given the appellee written notice to appear before him on March 22d, 1883, and show cause, if any he could, why such omitted property should not be assessed and charged with the amount of taxes due thereon, and the appellee having failed to appear and show cause, the county auditor proceeded to and did assess such omitted property at its true cash value, and charged such property and the appellee, as such administrator, on the tax duplicate for the then current year, with the proper amount of taxes thereon; that, by reason of such assessment on such tax duplicate, then in the hands of appellant as such county treasurer for collection, there were due and unpaid by appellee, as such adminis-

trator, taxes for State, county and other purposes, the following sums: For 1877 $139, for 1878 $300, for 1879 $435, and for 1880 $760, making a total sum of $1,634; that the appellee had in his hands, as such administrator, as part of the assets of his decedent's estate, a large sum of money, to wit, $10,000, and more than sufficient to pay and satisfy the aforesaid taxes; and that, since the making of such assessment, the appellant had demanded payment of such taxes from the appellee, who had failed and refused to pay the same, or any part thereof. Wherefore, etc.

Upon the foregoing statement of facts, it is manifest that the fundamental question for our decision may be thus stated: Is the special assessment of the personal property of William M. Clapp, deceased, made by the auditor of Noble county on March 15th, 1883, and charged on the tax duplicate against such decedent's estate, a valid, legal and binding assessment? In other words, was the county auditor authorized by the statute in force at the time to assess the omitted personal property of such decedent for the years specified in such assessment, which antedate the enactment and taking effect of such statute? If these questions must be answered in the negative, as we think they must, it is certain there is no error in the record of this cause which would authorize or justify the reversal of the judgment below.

It will be observed that the special assessment of the county auditor, mentioned and described in appellant's written statement of facts, covered and embraced each and all of the years 1877, 1878, 1879 and 1880. In each and all of those years the law of this State, regulating the assessment of property and the special assessment of omitted property for the purposes of taxation, was the act of December 21st, 1872, and its several amendments. 1 R. S. 1876, p. 72. This statute and its amendments, in so far as they provided for special assessments of omitted property, have been several times considered by this court. *Vogel* v. *Vogler*, 78 Ind. 353; *State, ex rel.,* v. *Howard,* 80 Ind. 466; *Stockman* v. *Robbins,* 80

Ind. 195; *Scott* v. *Town of Knightstown,* 84 Ind. 108; *Hamilton* v. *Amsden,* 88 Ind. 304. It will be seen from the cases cited that it has been uniformly held by this court that special assessments of omitted property by the county auditor or county treasurer, except for the current year, were not authorized by any of the provisions of the assessment law of December 21st, 1872, or of any of its amendments. We adhere to these decisions; and as it is shown by the appellant's written statement of facts that the special assessment of the omitted personal property of William M. Clapp, deceased, was made by the auditor of Noble county on the 15th day of March, 1883, we hold that such assessment was not authorized by the assessment law of December 21st, 1872, or any of its amendments.

Nearly two years prior to the making of such special assessment by the auditor of Noble county, to wit, on March 29th, 1881, the assessment law of Dec. 21st, 1872, and its amendments were repealed and superseded by the passage, approval and immediate taking effect of an act entitled "An act concerning taxation." Acts 1881, p. 611; sections 6269 to 6521, R. S. 1881. In section 147 of the above entitled act (section 6416, R. S. 1881), it is provided as follows: " Whenever the county auditor shall discover or receive credible information, or if he shall have reason to believe, that any real or personal property has, from any cause, been omitted in whole or in part in the assessment of any year or number of years from the assessment book, or from the tax duplicate, he shall proceed to correct the tax duplicate, and add such property thereto, with the proper valuation, and charge such property and the owner thereof with the proper amount of taxes thereon, to enable him to do which he is invested with all the powers of assessors under this act."

On behalf of the appellant, it is claimed that the special assessment of the omitted personal property of William M. Clapp, deceased, made by the auditor of Noble county, was authorized by the provisions quoted of section 6416 of the

above entitled act of March 29th, 1881. We do not think so. The language and grammatical construction of the provisions quoted indicate clearly, as it seems to us, that they were to be prospective only in their operation, and not retroactive. It is a maxim of the law that statutes must be construed prospectively, unless they plainly import a different intention on the part of the Legislature. *Wilhite* v. *Hamrick*, 92 Ind. 594, and cases cited. There is nothing in the statutory provisions quoted which imports any intention on the part of the Legislature to authorize any county auditor to make a special assessment of omitted property for any year, or number of years, prior to the passage and taking effect of the above entitled act.

We are of opinion, therefore, that the special assessment of the omitted personal property of William M. Clapp, deceased, made by the auditor of Noble county, was wholly unauthorized by law, invalid and void.

The judgment is affirmed, with costs.

Filed Sept. 15, 1885.