Filed Oct. 27, 1886.

---

No. 11,610.

## McKeen v. Haskell et al.

EVIDENCE.—*Location of Real Estate may be Shown by Parol.*—It may be proved by parol that certain described real estate is situate within the corporate limits of a city.

TAXES.—*Sale.*—*Action by Purchaser to Enforce Lien.*—*Auditor's Certificate.*—*Deed.*—*Evidence.*—*Personal Property.*—In an action by a purchaser at a tax sale to enforce his lien, the auditor's certificate of the sale and the deed issued are admissible, without first proving that the owner had no personal property.

SAME.—*Omitted Property.*—*Illegal Assessment by Auditor.*—*Copying Void Assessment on Succeeding Duplicate.*—Where an illegal and void special assessment of omitted property, made by the county auditor, is copied by him upon the duplicate of a succeeding year, it is likewise illegal and void for that year.

SAME.—*Interest.*—*Act of March 5th, 1883.*—Under section 3 of the amendatory tax law of March 5th, 1883 (Acts of 1883, p. 96), the purchaser at a tax sale previously made, whose title proves to be invalid and who seeks to enforce his lien, is entitled to interest on the amount of the lien at the rate of twenty per centum per annum from the date of the sale to the date of the decree, and not to the date of payment.

From the Vanderburgh Superior Court.

VOL. 108.—7

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellant.

*A. Gilchrist, C. A. DeBruler, C. H. Butterfield, H. A. Mattison, W. F. Smith, R. S. Taylor, R. C. Bell, S. L. Morris, J. Morris, C. H. Aldrich* and *J. M. Barrett,* for appellees.

Howk, C. J.—On the 24th day of April, 1883, appellee Haskell commenced this suit against the appellant, McKeen, as sole defendant.  In his complaint Haskell alleged that he was the owner in fee simple, and entitled to the possession, of lot No. 166, in that part of the city of Evansville known as Lamasco, in Vanderburgh, county, Indiana, and that McKeen wrongfully and without right detained and kept possession thereof from the plaintiff.  Wherefore, etc.

Afterwards, on June 14th, 1883, Haskell filed what is called the second paragraph of his complaint against appellant McKeen, and Charles F. Yeager, auditor, and Thomas P. Britton, treasurer, of Vanderburgh county, as defendants thereto.  In this second paragraph Haskell alleged that, on the 17th day of February, 1881, at the public sale by the treasurer of such county, of lots and lands therein, for delinquent State and county taxes due thereon, he purchased lot or block No. 166 above described, for the sum of $2,-993.96 ; that said block 166 had been duly and regularly assessed and properly charged, in the tax duplicate of such county for the year 1880 and previous years, in the name of appellant McKeen, with taxes amounting at the date of such sale to the sum aforesaid, being the amount of delinquent taxes then due upon such block 166 from appellant McKeen, the then owner thereof, and the whole of such block being the least amount thereof that any person at such sale offered to take and pay such delinquent taxes ; that upon such sale, a certificate thereof as provided by law was executed by the auditor of such county to appellee Haskell ; that said block No. 166 not having been redeemed from such sale within the time required by law, a deed thereof was, on the 18th day of April, 1883, duly executed to appellee Haskell by the de-

fendant Yeager, the auditor of such county, a copy of which deed was therewith filed; that by such deed appellee Haskell became seized of a good and valid title, in fee simple, to such block No. 166, and was then the owner thereof in fee simple; that appellant McKeen claimed to own such real estate in fee or to have some other interest therein, and wrongfully asserted title thereto in himself, and pretended, among other things, that the sale for such taxes was illegal, for the reason that some portion of the taxes, for which such real estate was so sold to appellee Haskell, was not assessed against such real estate; that all of such taxes were legally assessed, but that if any portion thereof should prove to have been not so assessed, then appellee Haskell was entitled to have such portion of the purchase-money with interest from the defendant Britton, treasurer of such county, upon the order of defendant Yeager, auditor of such county. Wherefore, etc.

The cause was put at issue as to all the defendants, and submitted to the court for final hearing, and the court found that the tax sale and deed to appellee Haskell were ineffectual to convey to him the title to said block No. 166, that the amount of the legal taxes and all lawful charges thereon, due on such real estate at the time of the tax sale thereof, was the sum of $2,050.48, which was included in the sum of $2,993.66 for which Haskell purchased the real estate at such tax sale, that there were also included in this latter sum the taxes on such real estate for the years 1871, 1872 and 1873, which taxes, with the penalties and interest thereon, amounting in the aggregate to the sum of $943.18, were illegally assessed, and such real estate was not bound therefor, at the time of the tax sale thereof to appellee Haskell, that the lien of the State on such real estate, for the aforesaid sum of $2,050.48, was transferred by such tax deed to appellee Haskell, and that he was entitled to recover this latter sum, with interest thereon at the rate of twenty per centum per annum from the 14th day of February, 1881, to be enforced against the above described real estate in the manner provided by

law; and as to the residue of his purchase-money, to wit, the sum of $943.18, the court further found that appellee Haskell was entitled to be paid the same, with interest at the rate of six per centum per annum, out of the treasury of Vanderburgh county.

The court rendered a judgment and decree upon and in accordance with its finding. The separate motions of Haskell, McKeen, of the county auditor, and county treasurer, for a new trial, were overruled by the court. McKeen alone has appealed, but errors are separately assigned here by each of the parties to the record.

The questions discussed by McKeen's counsel are such as arise under the alleged error of the superior court in overruling his motion for a new trial. We will consider and decide these questions in the order in which counsel have presented them, in their well considered brief of this cause.

1. It is claimed on behalf of McKeen, that the trial court erred in permitting appellee Haskell to prove by parol evidence that lot or block No. 166, in Lamasco, was within the corporate limits of the city of Evansville. Certainly, there was no error in the admission of this evidence. Any witness, who was cognizant of the fact, was competent to testify in relation to the location of the lot or block in question, whether in the city of Evansville, in the county of Vanderburgh, or in the State of Indiana; and his testimony upon either point was or would have been competent and admissible, even though there were or might have been written or record evidence of such fact.

2. McKeen's counsel insist in argument that the trial court erred in admitting in evidence the auditor's certificate of the tax sale and the tax deed to Haskell, and certain entries from the tax duplicate. The grounds of objection, urged below to the admission of this evidence, were, that the proper foundation had not been laid by proof for the introduction of such evidence, that it did not appear that the owner of the real estate had no personalty, nor that any search had been made

McKeen *v.* Haskell *et al.*

for personal property.   These and divers other reasons were urged against the admission of the evidence objected to, some and, perhaps, all of which would have had much force if the only question to be tried and determined by the court had been whether or not the tax sale and deed to Haskell were effectual to invest him with an absolute title, in fee simple, to the lot or block sold and described in such deed.   This was not, however, the only nor, indeed, the principal question to be tried and determined by the court, in the case in hand.   Under the provisions of our statutes concerning taxation applicable to the issues in this action (Acts of 1883, p. 96, section 3), "If any conveyance made by the county auditor pursuant to a sale made for the non-payment of taxes, under this or any former tax law, shall prove to be invalid or ineffectual to convey title for any cause whatever," as such conveyances almost invariably do for *some* cause, and as the conveyance to Haskell did in this case, the lien which the State had on the land described in such conveyance, for State, county and township taxes, for which the land was sold, is transferred by such deed to and vested in the grantee therein ; and it is made the duty of the court to ascertain the amount due such grantee, on account of such taxes and interest thereon, and to decree the collection thereof by the enforcement of such lien.   We need not argue, for the purpose of showing that the evidence objected to was clearly competent, if not, indeed, indispensable, to enable the court to ascertain the amount due the grantee and the particular land, whereon the lien of the State was transferred to and vested in him, as a security for such amount, by force of the statute.

3. McKeen's counsel say :   " The *seventh, eighth* and *ninth* causes for a new trial assign excessive damages, and, in discussing this subject, two questions arise, namely :   The validity of the assessment of a portion of the taxes, and (2) the rate of interest allowed upon the lien, if the plaintiff established one for any cause."

These two questions present the substantial grounds of difference between the superior court and appellant's learned counsel, in the case under consideration. We will consider and decide the point at issue between court and counsel, in regard to these two questions, in the order in which counsel have stated them.

(1.) As to the validity of the assessment of a portion of the taxes, the trial court decided, as we have seen, that the assessments of taxes on appellant's lot or block for the years 1871, 1872 and 1873, were illegal, invalid and void. To this decision appellant's counsel object only upon the ground that the court ought to have gone further and to have held that the assessment of taxes on such lot or block, for the year 1874, was also illegal, invalid and void. Counsel concede that the assessments of taxes on such lot or block, for the year 1875 and subsequent years, were regular, legal and valid; so that, as to the validity of the assessments, the difference between court and counsel is limited to the assessment for the year 1874. In reference to the assessments of such lot or block, for the years 1871, 1872, 1873 and 1874, the uncontradicted evidence, appearing in the record, was substantially as follows:

August Brauns, a witness for appellant, testified: "I was deputy auditor of Vanderburgh county in 1873 and 1874. The special assessments on lot 166, Lamasco City, were made by me acting for the auditor. They are in my handwriting. No notice of the assessments was given by me to McKeen; I can't tell if any notice was given him. I made the assessments and gave them to the county treasurer, who entered them on the duplicate. I left the auditor's office August 24th, 1874. The tax duplicates were made under my direction; the description of property therein was generally begun, to the best of my recollection, in the spring. I directed the names and work to be done, and the same consequently was done under my direction. If not quite done when I left, on August 24th, 1874, the list was completed beyond

the letters M and McK. The duplicate of 1874 was taken or copied from the old one of 1873. It got there from the tax duplicate of 1873, where it was put by special assessment. I made no other assessment, except the back assessment, upon the back-assessment record, which is in my handwriting. This back assessment, upon the duplicate of 1873, was copied by the auditor's clerks upon the duplicate of 1874, and this is the only way it got on the duplicate of 1874, for taxes."

William Warren, a witness for appellant, testified as follows: " I was treasurer of Vanderburgh county in 1873 and 1874. I made no assessment for taxes on lot No. 166, Lamasco City, for either of those years. The assessments were made and furnished to me by the auditor, and I put them on the duplicate. No notice was given by me, as I remember, of the assessments to defendant McKeen. The assessments I refer to are the back assessments for the years 1871, 1872 and 1873, made by the auditor. The two certificates of back assessments on said block 166 were handed me by the auditor. Immediately on receipt of such certificates, I made the entry of such back-assessments upon the treasurer's duplicate for 1873, in the back part of such duplicate, out of the alphabetical order in which it belonged."

Appellant also put in evidence the written assessments of such lot or block No. 166, made by the auditor of Vanderburgh county, and referred to in the testimony above quoted of the witnesses Brauns and Warren. These assessments were shown to have been made as aforesaid, on the 28th day of March, 1874, for the previous years 1871, 1872 and 1873. At the time these assessments were so made by the county auditor, the law of this State, authorizing and regulating the special assessment of omitted property for the purposes of taxation, was the assessment law of December 21st, 1872. Acts of 1872, p. 57, et seq.; 1 R. S. 1876, p. 72, et seq. The provisions of this law, for the special assessment of omitted property, have often been examined and considered by this

court. *Vogel* v. *Vogler*, 78 Ind. 353; *State, ex rel.,* v. *How-ard*, 80 Ind. 466; *Stockman* v. *Robbins*, 80 Ind. 195; *Scott* v. *Town of Knightstown*, 84 Ind. 108; *Hamilton* v. *Amsden*, 88 Ind. 304; *Board, etc.,* v. *Murphy*, 100 Ind. 570; *Lang* v. *Clapp*, 103 Ind. 17.

In the case last cited, after referring to our previous decisions, it is said: " It will be seen from the cases cited that it has been uniformly held by this court that special assessments of omitted property by the county auditor or county treasurer, except for the current year, were not authorized by any of the provisions of the assessment law of December 21st, 1872, or of any of its amendments." Adhering, as we must, to the doctrine of the cases cited upon the point under consideration, it is certain, we think, that the special assessments of appellant's lot or block, made by the auditor of Vanderburgh county in 1874, for the years 1871, 1872 and 1873, and not for the then current year, were, as the trial court correctly held them to be, illegal, invalid and void. This being so, it is difficult, if not impossible, to understand upon what ground the decision of the superior court, that appellant's lot or block was liable for the taxes charged against it for the year 1874, with penalties and interest thereon, can be rested or sustained. The evidence conclusively shows that there was no legal or valid assessment of such lot or block in the year 1874 for the purposes of taxation; for, surely, it can not be successfully claimed that the mere act of the auditor's clerks, in copying from the duplicate of 1873 the illegal and void assessment made by such auditor for previous years, made or constituted a legal and valid assessment of such lot or block for taxation purposes for the year 1874. We are of opinion, therefore, that the damages assessed by the trial court, in favor of appellee Haskell, were excessive to the extent of the amount allowed him for the taxes charged against appellant's lot or block for the year 1874, with the penalties and interest thereon, and that,

for this cause, appellant's motion for a new trial ought to have been sustained.

(2.) As to the second ground upon which appellant's counsel claim, in argument, that the damages assessed were excessive, namely, as to the rate of interest allowed upon the amount of appellee's tax lien, we think that the argument of counsel is unsound and can not be sustained. In this connection we may properly consider and pass upon the only ground not considered and decided in what we have already said, upon which appellee Haskell moved the court below for a new trial, namely, that the court erred in assessing the amount of his recovery in this, that it ought to have allowed him interest on the amount of his tax lien, at the rate of twenty-five per cent. per annum from the 14th day of February, 1881, to the date of payment instead of to the date of the decree. The court allowed appellee, as we have seen, interest at the rate of twenty per cent., from the day last named to the date of the decree. Appellant's counsel claim that the court erred in allowing appellee any higher rate of interest than six per cent. per annum. The learned counsel of appellee Haskell, as well as those of appellant, base their respective claims in relation to the rate of interest to be allowed, upon the provisions of certain sections of the assessment law of December 21st, 1872. It is unnecessary for us to consider these conflicting claims of counsel in relation to the rate of interest appellee Haskell is entitled to recover on his tax lien, because it is settled by our decisions that the rate of interest to be recovered, in such a suit as this, is fixed and governed by the provisions of section 3, above referred to, of the amendatory tax law of March 5th, 1883, which were in force before the commencement of this action, and are still in force. *Flinn* v. *Parsons*, 60 Ind. 573; *Peckham* v. *Millikan*, 99 Ind. 352; *Helms* v. *Wagner*, 102 Ind. 385.

In such section 3 of such amendatory tax law (Acts of 1883, p. 96), it is provided that if any tax deed, "under this or any other law," shall prove to be invalid or ineffectual to

convey title, " for any cause whatever," the lien of the State upon the land described in such deed shall be transferred to and vested in the grantee therein, " who shall be entitled to recover from the owner of such lands the amount of such legal taxes, together with all lawful charges, with interest at the rate of twenty per cent. per annum from the date of such sales, and also the amount of all subsequent taxes paid, with like interest," etc. It is clear from these statutory provisions that the superior court did not err in regard to the rate of interest allowed appellee in this case, from the date of the sale until the time of the rendition of the decree, which is all that the statute contemplates or provides for.

We have now considered and decided all the questions presented and discussed by counsel of appellant and of appellee Haskell.

Errors have also been assigned by the county auditor and county treasurer, but these errors have not been discussed here, and we do not consider them. The superior court erred, we think, in overruling appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded for a new trial and for further proceedings not inconsistent with this opinion.

Filed Oct. 27, 1886.