No. 16,390.

JONES, TREASURER, *v.* THE RUSHVILLE NATURAL GAS
COMPANY.

TAXES.—*County Board of Equalization.—Assessment.—Collateral Attack.—Corporation.—Capital Stock.—Assessment of.*—The action of a county board of equalization is not subject to collateral attack, by injunction or otherwise, unless the assessment is void, and not merely erroneous. Such board is a *quasi* judicial tribunal, and binds every one within its jurisdiction. It has exclusive original jurisdiction in the assessment of the capital stock of corporations, where the value of such stock exceeds the value of tangible property, and whether the value of such stock exceeds the value of the tangible property, is a question for the board to decide.

SAME.—*Evidence.—Tax Duplicate.—Assessment by County Board of Equalization.*—The tax duplicate is not admissible in evidence for the purpose of showing what action was taken by the board of equalization.

From the Rush Circuit Court.

*J. Q. Thomas,* for appellant.

*B. L. Smith* and *C. Cambern,* for appellee.

COFFEY, J.—This was an action brought by the appellee, against the appellant and others, in the Rush Circuit Court, to enjoin the collection of taxes. The complaint alleges, among other things, that the appellee is a duly organized corporation, with a capital stock of one hundred thousand dollars; that John K. Gowdy is the auditor of Rush county, and the appellant, Thomas A. Jones, the treasurer; that Paul Kerr is the treasurer of the city of Rushville, and John Kelly the clerk; that on the 1st day of April, 1890, all the capital stock of the appellee was invested in tangible property, and that it had no surplus capital or accumulations of any kind; that on the ——— day of May, 1890, it duly listed all its property of every kind, being the property in which its capital stock was invested, and made affidavit to the same before the as-

sessor, in which sworn statement the value of said property was fixed at sixteen thousand dollars, which was the fair cash value of said property; that said assessor duly reported said assessment to the board of equalization of Rush county; that on the third Monday of June, 1890, the board of equalization assumed to assess, and did assess, the capital stock of the appellee at forty-four thousand dollars, thereby increasing its assessment to sixty thousand dollars, including the appraised value of its tangible property at sixteen thousand dollars.

It is alleged that the action of the board of equalization, in assessing the capital stock of the appellee, was void:—

*First.* Because no notice of any kind was given by the auditor of Rush county, or any other officer of the county, of the meeting of the board of equalization, and it therefore had no jurisdiction.

*Second.* Because the entire stock of the appellee was represented by its tangible property, duly listed for taxation at its fair cash value at sixteen thousand dollars, and the board of equalization had no power or authority to assess its capital stock at forty-four thousand dollars in addition to said sum of sixteen thousand dollars, or any other sum.

A trial of the cause resulted in a special finding of facts, with the court's conclusions of law thereon, upon which a decree was rendered, perpetually enjoining the appellant from the collection of the tax in controversy.

Section 6357, R. S. 1881, requires each of the corporations therein named to make out and deliver to the assessor a sworn statement of the amount of its capital stock, setting forth the location of the corporation, the amount of capital stock authorized, and the number of shares into which it is divided; the amount of capital stock paid up; the market value (or, if no market value,

then the actual value) of the shares of stock; the total amount of indebtedness, except the indebtedness for current expenses, excluding from such expenses the amount paid for the purchase or improvement of property and the assessed valuation of all tangible property.

Section 6358, requires the assessor to schedule such statement and deliver the schedule and statement to the county auditor. The auditor is required to lay the schedule and statement before the ensuing board of equalization, whose duty it is to assess the capital stock of the corporation in the manner provided by law.

The appellee in this case delivered to the assessor a sworn statement of its tangible property, but such statement did not, in any manner, conform to the requirements of the statute. On the trial of the cause there was a sharp conflict in the evidence as to whether the board of equalization had assessed the capital stock of the appellee, it being contended by the appellant that the board assessed the tangible property at sixty thousand dollars, while the appellee contended that its capital stock was assessed at forty-four thousand dollars. The record of the board of equalization is silent upon the subject, but as the court found that the capital stock of the appellee was assessed, that fact, for the purposes of this case, must be taken as true. Assuming, then, that the board of equalization of Rush county did assess the capital stock of the appellee, the question is presented for our decision as to whether such action of the board can be successfully attacked in a collateral proceeding like this.

This case is, we think, easily distinguished from the case of *Hyland, Auditor,* v. *Brazil Block Coal Co.,* 128 Ind. 335. In that case it was a conceded fact that the capital stock was all invested in tangible property, which had been returned for taxation, and that the capital stock did not exceed in value the tangible property.

The question, however, as to whether the action of the board of equalization could be attacked collaterally was not argued or decided, while that question in this case is squarely made.

The board of equalization not only has the power to assess the capital stock of a corporation where the value of such stock exceeds the value of the tangible property but it is its duty to do so.  Section 6358, *supra; Hyland, Auditor,* v. *Central Iron & Steel Co.,* 129 Ind. 68.

The board in such cases has exclusive original jurisdiction, and, while its action is not strictly judicial, it is at least *quasi* judicial and binds every one within its jurisdiction.    *Wilkins* v. *State,* 113 Ind. 514; *Kuntz* v. *Sumption, Treas.,* 117 Ind. 1.

It is true that such board can not legally assess capital stock where the capital is invested in tangible property listed for taxation, unless such stock exceeds in value the property in which it is invested, but who shall determine the question as to whether the stock is of greater value than the tangible property?

The board of equalization, we think, must decide that question.   If it makes a mistake and reaches a wrong conclusion, can it be said that its assessment is void? We think not.   We think it is binding on the corporation assessed, until set aside or vacated by appeal, or some other authorized direct proceeding.   It has always been the policy of the State to make the assessment and collection of taxes summary, and to hold now that a mere mistake or error of judgment in the officers charged with the duty of assessing and collecting taxes renders the tax void and subjects the officers to injunction proceedings, is to reverse this long settled policy.

We think it is settled, by abundant authority, that the action of the board of equalization, in a matter over

which it has jurisdiction, binds every one interested in such matter.

Thus, in the case of the *Board, etc.,* v. *Senn,* 117 Ind. 410, it was said by this court: "When the assessor, and after him the board of equalization, had adjusted the fair cash valuation of the lands, the judgment thus arrived at was conclusive upon the county auditor, and all others, and could only be changed by some proceeding expressly authorized and prescribed by law." See, also, Cooley on Taxation, 747, 748; *Small, Rec.,* v. *City of Lawrenceburgh,* 128 Ind. 231.

This case was tried upon the theory that the appellee was entitled to relief if it succeeded in showing that its whole capital was invested in tangible property returned for taxation, and that its capital stock did not, in fact, exceed in value such property. The theory is erroneous. Had this been a trial, on appeal, to a tribunal authorized to correct the assessment, the theory would have been correct, but, in a collateral proceeding like this, it was necessary to go farther and show that some fact existed which rendered the action of the board of equalization void. If the board reached the conclusion that the capital stock of the appellee exceeded in value its tangible property returned for taxation, and for that reason assessed such capital stock, its action is not void, though it may have reached an erroneous conclusion. Unless its action was void, the collection of the tax levied upon its assessment can not be enjoined.

We are of the opinion that the tax duplicate is not admissible in evidence for the purpose of showing what action was taken by the board of equalization.

The distribution of taxes under the provisions of sections 6295 and 6357, R. S. 1881, is made by the county auditor, after the adjournment of the board of equalization, and can, by no possibility, throw any light upon

the action of such board.    In this case the tax duplicate seems to have been introduced in evidence and considered by the court for the purpose of explaining the action of the board of equalization.

The special finding of facts is not sufficient to warrant a judgment for the appellee.    It probably shows that the action of the board af equalization of Rush county was erroneous, but it does not show that the action of such board was void.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed Nov. 28, 1893.