Senour, Treasurer, *v.* Matchett.

Filed April 3, 1895.

------

No. 17,230.

## Senour, Treasurer, *v.* Matchett.

Taxes.—*County Board of Review.*—*When May Tax "Greenbacks."*—*Collateral Attack.*—*Injunction.*—While a county board of review had no right to add to the tax list legal tender notes (greenbacks), held in a *bona fide* manner, on April 1, 1892, still it was within its province to determine whether the taxpayer had temporarily converted his taxable money into these notes for the express purpose of evading the payment of taxes thereon; and if it made a mistake or reached a wrong conclusion, it can not be held, upon collateral attack, that its action or decision therein was void, and if a taxpayer was guilty of such a conversion a court of equity will not interfere.

Same.—*Same.*—*Jurisdiction.*—*Action not Void.*—*Not Subject to Collateral Attack.*—*Equitable Relief.*—When a county board of review obtains jurisdiction over the person of the taxpayer whose list is

called in question, by virtue of notice provided by the statute or upon appearance of the taxpayer whose list is called in question, its action or decision in the matter, whether right or wrong, is binding upon him until set aside or vacated by an appeal or some other direct, authorized proceeding, and he will not be permitted to assail the same in a court of equity.

SAME.—*Appeal from County Board of Review as a Matter of Right.*— *Failure of State Board to Provide Regulations.*—The law grants an appeal from a county board of review, as a matter of right, and if the taxpayer fail to exercise it in any way, the neglect of the State board to provide regulations and furnish blanks is not an available excuse for his failure to demand an appeal.

From the Marshall Circuit Court.

*J. D. McLaren*, for appellant.

*C. Kellison*, for appellee.

JORDAN, J.—This was an action by appellee against appellant, treasurer of Marshall county, to enjoin the collection of certain taxes. A trial resulted in appellee obtaining a decree of court perpetually enjoining the collection of the taxes in controversy.

The errors assigned are:

First. Overruling a demurrer to the complaint.

Second. Overruling a motion for a new trial.

The complaint alleges *inter alia* that appellee was, on and prior to the first day of April, 1892, a resident of the town of Bourbon, in said county; that on the 25th day of April, 1892, he made out and delivered to the assessor a true and correct schedule of all personal property owned and held by him on the first day of April, 1892; that thereafter the county board of review wrongfully, illegally and willfully, without warrant of law, increased or added to his said tax schedule the sum of $10,000; purporting to be legal tender notes, commonly called "greenbacks," held by him on the said first day of April.

He further avers that he had no notice that the board

was attempting to increase his assessment; and also that the State board of tax commissioners, on the 10th day of August, 1892, or prior thereto, had not made any rules or regulations for appeals from the county board to said State board; that said 10th day of August was the limit of time fixed for taking appeals to that body, and for that reason he alleged that he had no remedy at law; and he further averred that he was not the owner of any legal tender notes or "greenbacks" on April 1, 1892.

The several grounds stated in the complaint upon which the tax in question is sought to be assailed, and for which it is alleged to be null and void, are all combined in one paragraph, and are not stated separately by way of specifications.

It is difficult to determine, from the averments of the pleading, upon what theory the validity of the tax is challenged, and the sufficiency of the complaint, for this reason alone, if for no other, is rendered questionable.

The only available theory that can be deduced from the statement of facts is that the action of the county board of review was void for failure to give any notice to appellee that it proposed to revise his tax list or increase the same; and if the judgment of the trial court can be sustained, it must be upon that theory, and none other. However, as we find upon an examination of the evidence, that the judgment must be reversed for the reason that it is not sustained thereby; therefore we need not, and do not, determine the sufficiency of the complaint.

The undisputed evidence, as it appears in the record, establishes that appellee was notified by the board of review as provided by section 8532, R. S. 1894, Acts 1891, p. 245, to appear before that body on a day fixed to answer relative to the revision of his

tax schedule; that in pursuance of said notice, he did appear and was examined by the board; that the board saw fit and proper to revise and change his assessment list by increasing the same to the amount of $10,000, which was done by considering and adding to his list legal tender notes, or "greenbacks," to that amount, which the board claimed were held by him and subject to taxation; that immediately after the adjournment of the board, appellee was notified, in writing, by the county auditor, of the board's action in the matter.

Notwithstanding this fact, no steps were taken by him to prosecute an appeal to the State board of tax commissioners, but he abided his time until his taxes became due, and then refused to pay those accruing upon the amount added to his list by the board of review, and commenced this action for injunctive relief. Appellee was permitted, upon the trial, to controvert the action of the board, and to state that his schedule, as made out and delivered to the assessor, was correct. The case appears to have been tried in the court below upon an erroneous theory. The contention made in the complaint that there was no notice to appellee was not established, but the contrary appeared to be true. Had the trial been upon an appeal before the State board of tax commissioners, a tribunal authorized by law to review and correct the action or decision of a county board, the theory upon which the case was tried and determined in the circuit court would have been proper; but in a collateral proceeding, like this, it was necessary to show or establish the existence of a fact or facts that would render the order of the county board void. *Jones, Treas.*, v. *Rushville Natural Gas Co.*, 135 Ind. 595.

While it is true that the board had no right, under the law then existing, to add legal tender notes held in a *bona fide* manner by appellee, still it was within its prov-

ince to determine whether he had temporarily converted his taxable money into these notes for the express purpose of evading the payment of taxes thereon; and if it made a mistake, or reached a wrong conclusion, it can not be held, upon a collateral attack, that its action or decision therein was void, and if he was guilty of such a conversion a court of equity will not interfere. *Ogden, Treas.*, v. *Walker*, 59 Ind. 460.

In this tribunal, which possess *quasi judicial* powers, is lodged, by law, exclusive original jurisdiction over the subject-matter of revising and correcting tax assessments. And when it once obtains jurisdiction over the person by virtue of notice provided by the statute, or upon appearance of the taxpayer, whose list is called in question, its action or decision in the matter, right or wrong, is binding upon him until set aside or vacated by an appeal or some other direct authorized proceeding. See *Jones, Treas., etc.*, v. *Cullen*, 40 N. E. Rep. 124, and cases therein cited; *Jones, Treas.* v. *Rushville Natural Gas Co., supra.*

The Legislature having created a board of review in each county, and likewise a State board of tax commissioners, and clothed each with certain appropriate powers and duties, and provided for an appeal from the former to the latter, a person aggrieved by reason of the errors or irregularities that may enter into the decisions or orders of the board of review, and which may render the same voidable, but not void, must invoke the remedy provided by appeal, and will not be permitted to assail the same in a court of equity. In this there is no hardship, for it must be presumed that the appellate tribunal, as is enjoined upon it by law, will give the appealing party a fair hearing and administer equal justice to all; neither permitting property liable to taxation to escape the burden thereof, nor impose upon the citizen an obli-

gation to pay a tax upon property or means that he does not own, or which, if he does, are exempt from taxation by virtue of law.

The contention of appellee that he could not appeal for the reason that the State board of tax commissioners had not made and provided the necessary rules and regulations relative to appeals to that body, is without merit. The law granted him an appeal as a matter of right; he failed to exercise it in any way, and the neglect of the State board to provide regulations and furnish blanks is not an available excuse for his failure to demand an appeal.

Judgment reversed at the cost of the appellee, with instructions to the court to grant a new trial and to proceed in accordance with this opinion.

Filed April 4, 1895.