## LUKE, TREASURER, *v.* SHERIDAN.

[No. 3,698.     Filed April 23, 1901.]

TAXATION.—*Removal from County.—Injunction.*—Where a property owner removed from the county in February and listed her personal property for taxation in the county to which she removed, and paid the taxes thereon to the treasurer of that county, the treasurer of the county from which she removed will be enjoined from collecting taxes on such property for said year, assessed without the owner's knowledge, and the owner was not required to appear before the board of review.

From the Fountain Circuit Court.   *Affirmed.*

*I. E. Schoonover,* for appellant.
*E. Stansbury* and *C. G. Rossiter,* for appellee.

BLACK, J.—The complaint of the appellee against the appellant, filed on the 15th of November, 1898, showed that in February, 1896, the appellee became a resident and inhabitant of Steuben township, Warren county, in this State, and had been continuously since that date and still was such inhabitant and resident of that township; that she was the owner of valuable real estate situated in the city of Attica, Logan township, Fountain county, Indiana; that the appellant was the duly elected, qualified, and acting treasurer of Fountain county; that the appellee had not had, at any time since February, 1896, any personal property subject to taxation in Fountain county; that she was on the 1st day of April, 1897, and still was, the owner of notes and mortgages of the value of $7,400, and the owner of no other personal property; that she gave the same in to the assessor of said Steuben township for taxation in the year 1897, and paid the taxes thereon for that year to the treasurer of Warren county; that there was assessed against the appellee upon the tax duplicate of Fountain county, for the year 1897, notes and mortgages of the value of $7,400; that she had no

knowledge how this property came to be assessed against her in Fountain county; that she was not liable for the payment of any taxes upon personal property in that county for the year 1897; that taxes were assessed upon it in that county for that year against her in the sum of $130.24; that the appellant intended and threatened to enforce the collection of this amount, and was threatening to sell appellee's said real estate at tax sale, or otherwise to distrain the appellee's property therefor, to the great and irreparable injury of appellee; that this sum of $130.24 "is unlawfully and wrongfully taxed against" her, and "that she is in no wise liable for the payment thereof;" that she had fully paid all taxes on all property belonging to her and subject to taxation in Fountain county, for the year 1897. Prayer that the appellant be enjoined, etc. A demurrer to the complaint for want of jurisdiction of the subject-matter of the action, and for want of sufficient facts, was overruled.

By the terms of the statute, §8411 Burns 1894, for purposes of taxation, personal property includes "all indebtedness due to inhabitants of this State, above the amounts respectively owed by them, whether such indebtedness is due from individuals or from corporations, public or private, and whether such debtors reside within or without the State." All personal property, with exceptions not here involved, "shall be assessed to the owner in the township, town or city of which he is an inhabitant on the 1st day of April of the year for which the assessment is made." §8421a Burns Supp. 1897.

It is contended that the complaint does not sufficiently negative the presumption that the assessment in question was lawfully made and placed upon the duplicate, and that the appellee should have sought her remedy by presenting her case before the county board of review which convenes for not exceeding eighteen days in July, annually, after published notice, when, if doubt existed as to the county in which the property should be assessed the matter should

have been referred to the Auditor of State, reference being made by the appellant to §8430 Burns 1894, §6288 Horner 1897, in which it is provided that the personal property of persons removing from one county, township, town, or city to another between the 1st day of April and the 1st day of June in any year, shall be listed and assessed in either place in which the owner is first called upon by the assessor; and that the owner of personal property moving into this State from another state, between the 1st day of April and the 1st day of June in any year shall be liable for his poll and the property owned by him on the 1st day of April of such year in the county, township, town, or city into which he has so removed; provided, that if such person has been assessed, and shall make it appear to the assessor by the certificate of the proper authority, in the place of his former residence, that he is held for tax for the current year in such former place of residence, he shall not again be assessed for such year, and "in case of doubt as to the proper place to assess personal property, if the doubt arises as to different townships in the county, the auditor shall determine the place; and if the doubt arises as to different counties, the Auditor of State shall determine; such determination shall be summary and final."

It was shown by the complaint that the appellee had been an inhabitant of a township in Warren county since February, 1896; that her personal property described had been there assessed for 1897, and she had paid the taxes thereon to the treasurer of that county. Under the plain provisions of the statute, the taxing officials of Fountain county had no duty to perform relating to that property, the appellee not having been an inhabitant of that county on or after the 1st day of April, 1897, and she could not be bound or affected by the acts of such officials, or under the necessity of appearing before the board of review of that county or of taking notice of its being in session, so far as related to the taxation of her personal property in question. There were no

equivocal or uncertain facts upon which to base any doubt concerning the place where she should be taxed.

The assessment upon the duplicate of Fountain county in the hands of its treasurer for collection was void. It constituted a cloud upon her title to real estate in that county, and, to remove that cloud and save the land from the threatened sale for the payment of the void tax, she was entitled to injunctive relief. *Stockman* v. *Robbins,* 80 Ind. 195; *Pfaff* v. *Terre Haute, etc., R. Co.,* 108 Ind. 144; *Yocum* v. *First Nat. Bank,* 144 Ind. 272, and cases cited; *Buck* v. *Miller,* 147 Ind. 586, 37 L. R. A. 384, 62 Am. St. 436.

Judgment affirmed.