Stephens v. Smith.

---

### STEPHENS, AUDITOR, ET AL. v. SMITH.

[No. 4,214.    Filed November 25, 1902.]

TAXATION.—*Personal Property.—Assessment in Wrong Township.—Injunction.*—A complaint to cancel an assessment of personal property and to enjoin the auditor from placing the same upon the tax duplicate on the ground that the same property was returned for taxation in another township, claimed by plaintiff as his residence, is not bad for failing to allege that plaintiff first sought relief through the county board of review; since the statute does not contemplate that the primary right to levy a tax upon a citizen shall first be determined by, or be submitted to, a board of review.    *pp. 120-126.*

SAME.—*Chattels.—Notes and Mortgages.*—Notes and mortgages are not goods and chattels within the meaning of §8421 Burns Supp. 1897, and must be valued for taxation in the township where the owner resides.    *p. 127.*

From Tippecanoe Superior Court; *W. D. Wallace,* Judge.

Suit by William C. Smith to cancel an assessment of personal property and to enjoin the auditor from placing the same upon the tax duplicate. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Ele Stansbury, H. D. Billings* and *J. C. Stephens,* for appellants.

*C. V. McAdams,* for appellee.

HENLY, J.—This was an action commenced by appellee William C. Smith against William H. Stephens, county auditor of Warren county, Indiana, and the town of Williamsport, located in Washington township, of that county, to declare void and cancel a certain assessment of personal property belonging to appellee, and for an injunction

against said auditor to prevent him from placing said property upon the tax duplicate of said county for taxation in the town of Williamsport.

The complaint was in one paragraph. Appellant separately demurred to the complaint, assigning as reasons (1) that the circuit court had no jurisdiction of the subject-matter, and (2) that the complaint does not state facts sufficient to constitute a cause of action. The complaint was held sufficient. Appellants filed a joint answer in two paragraphs. The first paragraph of answer, presenting special facts as an affirmative defense, was not attacked by demurrer. The second paragraph of answer was a general denial. The trial was by the court. The court rendered judgment canceling the assessment complained of, and perpetually enjoining the county auditor from placing the assessment complained of upon the tax duplicate of the town of Williamsport of the said county.

Appellants have assigned errors as follows: (1) Error in overruling the demurrer to the complaint; (2) error in overruling the motion for a new trial; (3) error in the court's conclusions of law upon the special findings of fact.

The complaint alleges that appellee has been for fifteen years last past, and now is a *bona fide* resident of Liberty township, Warren county, Indiana; that he is the owner of valuable real estate in five different townships of said county, and also in the town of Williamsport, in that county; that on April 1, 1899, "he was the owner of, and had in his possession and under his control in said Liberty township, the following personal property:" (Here follows description of property assessed, aggregating $170,820.) That it was his own individiual and personal property; that no part thereof was owned by or under the control, use, management, agency, or supervision of any nonresident of the State of Indiana, or any minor, executor or administrator, agent, trustee, receiver, or guardian, and that no part of the same was situated upon any lands of the United

States, the State of Indiana, or the lands of any county, township, town, or city in the State of Indiana, or elsewhere; that said personal property was not kept in any township, town, or city, other than Liberty township, throughout the preceding year; that on such dates he did not, nor has he during the preceding year, hired or occupied any office or store or other establishment in the town of Williamsport, Indiana, in said county, for use in connection with such property or any part thereof; that on the ———— day of May, 1899, Frank Trickey, the township assessor of Liberty township, Warren county, Indiana, called upon the appellee, and demanded from him a list and assessment of his property; that appellee delivered to said Trickey a list of said property, made upon an assessment blank prescribed by law, and the same, after being duly sworn to, was accepted by said Trickey, and by him returned to appellant county auditor as a part of the property subject to taxation in said Liberty township, and appellant county auditor has and holds such list in his office, and will place the same upon the tax duplicate of said Liberty township, and extend the taxes thereon when levied; that Charles W. Sentman was the assessor for Washington township; that Williamsport is in Washington township; that after the assessor of Liberty township had filed his return with the county auditor, and delivered to the county auditor the appellee's assessment list so given, and after the assessor of Washington township had full knowledge thereof and of its return, he, as such assessor, on June 2, 1899, notified appellee, in writing, that he intended to list his personal property and place it on the auditor's book; that on June 3, 1899, appellee, by his counsel, appeared before the said assessor and gave his reasons why said assessment should not be made as proposed; the fact that appellee was an inhabitant and resident of Liberty township on April 1, 1899, and continuously after and until June 3, 1899; that he had given to the assessor of Liberty town-

Stephens *v.* Smith.

ship a full and complete list of the property which said assessor proposed to assess; that Sentman's authority to make such assessment had lapsed on May 31st; that, notwithstanding such objections, said assessor, on June 3, 1899, filled out an assessment list for said town, and copied therein, *verbatim,* from appellee's list returned to the assessor of Liberty township, all the property returned therein, and assessed the same to appellee in said town in the sum of $170,820, and returned such list on said date to the appellant county auditor as a part of the property subject to taxation in the town of Williamsport for the year 1899; that said appellant county auditor now has such list and is threatening to and will place the same upon the tax duplicate of said town for 1899 against this appellee, and, unless restrained and enjoined from so doing, he will charge against such assessments the taxes levied on the taxable property of said town; that it is the same property returned by appellee to the assessor of Liberty township, and none other; that appellee is informed if the property is assessed for taxation in said town, the taxes would amount to $5,000; that it would become a lien upon all of his real estate in the county, and cast a cloud upon his title, which would be unjust and injurious thereto, and should not be suffered or allowed, and that he has no other remedy; that such assessment is wrongful, illegal, and void for the reasons herein stated, and he asks that the same be set aside and canceled, and that appellant be enjoined from extending the same on the tax duplicate against him in said town; that a restraining order be issued; that no taxes can now be paid on said property, but appellee is ready, able, and willing to pay when due.  By leave of court appellee amended his complaint and made the town of Williamsport a party, and by the further averment that since filing complaint the authorities had fixed the levy for taxation in Liberty township at $1.33, and in said town at $3.02 on each $100 of taxable property; that the auditor of War-

ren county was directed by the board of trustees of said town to extend the same against the assessment complained of unless restrained, etc.

Appellant contends that the complaint is insufficient because it fails to allege that appellee had sought relief through the county board of review; that no excuse appears why such relief was not asked, and if asked that it was refused. It is true that a county board of review is a tribunal which possesses *quasi* judicial powers, and to it, by law, is given exclusive original jurisdiction over the subject-matter of correcting and revising tax assessments. If it once obtains jurisdiction over the person whose assessment is in controversy, its action in the matter, whether right or wrong, is binding, until set aside or vacated by some direct attack. *Senour* v. *Matchett,* 140 Ind. 636; *Jones* v. *Rushville Nat. Gas Co.,* 135 Ind. 595; *Biggs* v. *Board, etc.,* 7 Ind. App. 142.

In the case last cited the court said: "The act of 1891 (Acts 1891, p. 199), following the Constitution, is pervaded by the spirit of fairness and equality in the assessment of all kinds of property. A county board of review and the state board of tax commissioners are created and clothed with *quasi* judicial powers, and specially charged with the duty of bringing about uniformity and equality of taxation. The action of these boards is judicial in its character, and their judgments are not open to collateral attack. If errors or irregularities are committed, they must be corrected by the mode pointed out by the statute. If not so corrected they are conclusive whatever errors may have been committed in the assessment. Courts have no power to control their discretion or take upon themselves the functions of a revising and equalizing board." And in *Jones* v. *Rushville Nat. Gas Co., supra,* the court said: "It has always been the policy of the State to make the assessment and collection of taxes summary, and to hold now that a mere mistake or error of judgment in the officers

charged with the duty of assessing and collecting taxes renders the tax void and subjects the officers to injunction proceedings, is to reverse the long settled policy." It is equally true that the tax laws of the State do not contemplate that the primary right to levy a tax upon a citizen shall be determined by, or submitted to, a board of review. The duty of the board of review goes to the extent and valuation of the property of a citizen for taxation when the right to levy the tax has been determined, or where the right is unquestioned. Section 8532 Burns 1901, defining the duties of a county board of review, clearly limits their powers to corrections, and not to the primary valuation of property. *Chicago, etc., R. Co.* v. *John,* 150 Ind. 113.

The averments of the complaint show that the taxes which appellee is seeking to enjoin. are not taxes assessed upon the valuation of omitted property, nor upon an increased valuation of property, but that appellee has returned all his property for taxation from the township where he claims to reside, and that the taxes in controversy arise from the fact that appellants are claiming that the identical property which was valued for taxation in Liberty township should be valued for taxation in the town of Williamsport, because it is the contention of appellants that appellee is a resident of the town of Williamsport, and not a resident of Liberty township. The complaint alleges that appellee is a resident of Liberty township, and if this averment is sustained by the finding and evidence, the action of the assessor and the county board of review in assessing appellee's property in a township in which he was not a resident was illegal and void. The assessment was utterly void because there was an entire absence of jurisdiction. The complaint stated a cause of action. *Board, etc.,* v. *Gruver,* 115 Ind. 224; *Luke* v. *Sheridan,* 26 Ind. App. 529; *Pfaff* v. *Terre Haute, etc., R. Co.,* 108 Ind. 144; *Shepardson* v. *Gillette,* 133 Ind. 125; *Senour* v. *Ruth,* 140 Ind. 318; *Yocum* v. *First Nat. Bank,* 144 Ind. 272; *Gallup*

v. *Schmidt,* 154 Ind. 196; *State Board, etc.,* v. *Holliday,* 150 Ind. 216, 42 L. R. A. 826. Cooley, Taxation, 542.

The only question then is, was appellee, on the 1st day of April, 1899, a resident of Liberty township, Warren county, Indiana? It will serve no useful purpose to set out in full the lengthy special finding of facts. The twentieth finding was as follows: "That on April 1, 1899, and during all the preceding year the plaintiff was, and has since been and now is a resident of Liberty township, Warren county, Indiana, and during said time has had his residence and domicile at his Elm Grove farm, situate in said township." This finding, if sustained by the evidence, is conclusive. The evidence shows that appellee is a bachelor; that in 1883 he purchased a farm, which he calls the Elm Grove farm, with the purpose and intention of improving it; that he has improved it by erecting extensive and costly buildings thereon; that these buildings were constructed with a view of making it his home; that he is in partnership with the keeper of the farm who resides upon it; that he visits the farm nearly every day in the summer time, and has a room set apart for his use and occupation; that he has claimed the Elm Grove farm as his home and residence for more than seventeen years, and votes in the precinct where his said farm is located, and has not exercised that right of citizenship at any other place. It is true the evidence shows that he very·seldom, if ever, remains over night at the farm; that his office and place of business is in the town of Williamsport, where he is president of a bank; that he has a room there where he sleeps. But the most that can be said of this evidence is that it has a tendency to sustain appellant's contention. It is not conclusive. The trial court has settled the disputed question of fact, and this court will not interfere.

It being settled that appellee is a resident of Liberty township, his invisible, intangible personal property, wheresoever it was in the State, was subject to taxation at his

residence, and at no other place. Notes and mortgages are not goods and chattels, within the meaning of §8421 Burns Supp. 1897, and must be valued for taxation in the township where the owner resides.

We find no reversible error. Judgment affirmed.